**Jay BLUM, Plaintiff-Appellant,**

v.

**PROBATE COURT OF CHITTENDEN COUNTY, VERMONT, L. John Cain, Judge of Chittenden Probate Court, Joseph Handy, Commissioner, Department of Social Rehabilitative Services, Vermont, Dale and Jeanne Goldhaber of Burlington, Vermont, Robert Polworth, Clerk, Superior Court, Chittenden County, Defendants-Appellees.**

**Nos. 497, 498, Dockets 77-7215, 77-7267.**

United States Court of Appeals, Second Circuit.

Argued Dec. 14, 1977.

Decided April 12, 1978.

Petition for Rehearing Filed April 27, 1978.

Decided Jan. 17, 1979.

Jay Blum, pro se.

M. Jerome Diamond, Atty. Gen., Montpelier, Vt., for defendants-appellees Joseph Handy and Probate Court of Chittenden County.

Michael McShane, Asst. Atty. Gen., Montpelier, Vt., for defendant-appellee Joseph Handy.

Michael R. Gadue, Asst. Atty. Gen., Burlington, Vt., for defendant-appellee Probate Court of Chittenden County.

Blum Associates, Inc., by Richard C. Blum, Burlington, Vt., for defendants-appellees Dale and Jeanne Goldhaber.

Before LUMBARD, MOORE and MULLIGAN, Circuit Judges.

PER CURIAM:

Jay Blum's petition for rehearing questions the basis for the district court finding that Blum had received notice of, but chose not to attend, the hearing in the Massachusetts court that determined custody of his son. We relied on that finding in affirming the dismissal of Blum's amended complaint. 2nd Cir., 575 F.2d 50 (1978).

Blum's amended complaint, according to his second attorney, should have omitted paragraph 14, on which the district court based its finding that Blum deliberately by-passed the Massachusetts hearing. The amended complaint also alleged, in paragraph 18, that "at no time was an evidentiary hearing held prior to the entry of the decree dispensing with Jay Blum's consent" to the adoption of his son.

The district court never resolved the inconsistency between paragraphs 14 and 18 before dismissing Blum's complaint, nor was the matter brought to our attention at oral argument at which Blum, whose attorney was at the time snowbound in Vermont, argued his own case. Accordingly, we remand to the district court for a determination of what happened with respect to the proceedings in the Massachusetts court and for further consideration in light of such determination as the court may make. Pending advice as to the further action of the district court, we vacate our opinion affirming its dismissal of Blum's complaint.